# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HOFFMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV790 HEA |
| | ) | |
| ANNE PRECYTHE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Brian Hoffmann for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $45.13. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 3). The certified inmate account statement shows an average monthly deposit of $225.64. The Court will therefore assess an initial partial filing fee of $45.13, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be construed within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently an inmate at Moberly Correctional Center in Moberly, Missouri. He brings this action pursuant to 42 U.S.C. § 1983[1]. His complaint lists the following defendants: Anne Precythe; Dean Minor; Bonnie Boley; Dr. William Winklemeyer; Jenna Williams; Thomas Villmer; Dr. Robert Wudell; Dana Jost; Lisa Spain; Corizon Medical Services, Inc.; and the Missouri Department of Corrections. Plaintiff does not indicate the capacities in which defendants are sued.

Plaintiff states that in January 2016, he was incarcerated at Farmington Correctional Center. (Docket No. 1 at 5). While there, nurse practitioner Jost called him to medical to tell him that they needed to draw a lab because his creatinine level was extremely high. (Docket No. 1 at

---

[1] Plaintiff also purports to bring a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* Title II of the ADA applies to inmates in state prisons. *See Pennsylvania Dep't of Corrs. V. Yeskey*, 524 U.S. 206, 209-11 (1998). "To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff's complaint does not contain facts sustaining a prima facie claim under Title II of the ADA. However, as discussed below, he will be given the opportunity to file an amended complaint in this matter.

3

6). The high creatinine level showed that his kidney was in rejection, a conclusion supported by the results of the lab. Plaintiff alleges that after three months, Jost sent him to the hospital for blood and to be prepped for dialysis.

At some point, plaintiff was transferred to Moberly Correctional Center. He states that during the month of June 2016, he had to have the procedure cancelled because of elevated potassium levels. On July 5, 2016, he states that he woke up with breathing difficulty and "found out several days later" that he had been in respiratory failure due to his potassium being elevated. He alleges that nothing was done about his elevated potassium levels for over a month, which he states is a delay of medical care on the part of Dr. Winklemeyer and dialysis nurse Williams. (Docket No. 1 at 6-7).

In November 2016, plaintiff states that he was given a chest x-ray that showed he had an enlarged heart. (Docket No. 1 at 7). He claims this was a result of insufficient dialysis treatment that left his heart in distress. In December 2016, plaintiff states that another chest x-ray showed that his heart had enlarged even more. Nevertheless, he claims that "nothing was done by the dialysis staff or [his] regular Corizon Doctor to bring the size of the heart down."

Plaintiff further states that in November 2017 he learned that he was positive for hepatitis C. He alleges that he "was told this was most likely caused by the dialysis machines." He also states that the head nurse told him that 85% of her patients were infected with hepatitis C. Plaintiff claims that it is "obvious" that his infection resulted from improper sanitization of the dialysis machine between patients. (Docket No. 1 at 7-8). Finally, plaintiff asserts that there is "no treatment being started to fix or reverse this medical problem." (Docket No. 1 at 8).

Plaintiff seeks placement on the kidney transplant list and to "receive treatment and cure for hepatitis C." (Docket No. 1 at 9). He is also requesting $25 million in compensatory damages and $100 million in punitive damages.

**Discussion**

Plaintiff's allegations concerning the condition of his kidney and heart are serious and if properly pleaded, could be sufficient to pass through § 1915 review. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (stating that the government has an "obligation to provide medical care for those whom it is punishing by incarceration"). However, the complaint filed by plaintiff is deficient.

Plaintiff's factual allegations are broad and nonspecific with regards to the roles and actions of the various defendants. Several defendants are not named at all within the statement of claim. When plaintiff does name a defendant, his claims tend to be vague and conclusory in nature. In a § 1983 case, liability is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Accordingly, plaintiff is required to assert the responsibility of each defendant as to their wrongdoing in order to demonstrate liability. His complaint fails in this respect.

Furthermore, plaintiff has not indicated the capacity in which he is suing defendants. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being

sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

As such, plaintiff's allegations, as presently composed, would be against defendants in their official capacities only. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official…capacities sues only the public employer"). In order to sue a governmental entity, a plaintiff is required to demonstrate that a constitutional violation resulted from the entity's official policy, unofficial custom, or its deliberately indifferent failure to train or supervise its employees. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018); and *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). Plaintiff has not made any allegations regarding any policy, custom, or failure to train.

Because plaintiff has filed this action pro se, he will be given an opportunity to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print the amended complaint. The amended complaint must be on the Court-provided form that will be provided to plaintiff. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 4). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present

his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $45.13 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 8th day of November, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# _____ DIVISION

|  |  |
|---|---|
| )<br>)<br>)<br>**(***Write the full name of the plaintiff in this action.*** <br>*Include prisoner registration number.*)  )<br>)<br>**v.**  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>(*Write the full name of each defendant. The caption*  )<br>*must include the names of* ***all*** *of the parties.*  )<br>*Fed. R. Civ. P. 10(a). Merely listing one party and*  )<br>*writing "et al." is insufficient. Attach additional*  )<br>*sheets if necessary.*)  ) | Case No: _____<br>(*to be assigned by Clerk of District Court*)<br><br>Plaintiff Requests Trial by Jury<br>_____Yes    _____No |

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

## I. The Parties to this Complaint

### A. The Plaintiff

Name: _____

Other names you have used: _____

Prisoner Registration Number: _____

Current Institution:


Indicate your prisoner status:

_____ Pretrial detainee            _____ Convicted and sentenced state prisoner

_____ Civilly committed detainee   _____ Convicted and sentenced federal prisoner

_____ Immigration detainee         _____ Other (explain): _____

### B. The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: _____

Job or Title: _____

Badge/Shield Number: _____

Employer: _____

Address: _____

_____ Individual Capacity              _____ Official Capacity

**Defendant 2**

Name: _____

Job or Title: _____

Badge/Shield Number: _____

Employer: _____

Address: _____

_____ Individual Capacity          _____ Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s).  For every defendant you have named in this complaint, you must state what he or she personally did to harm you.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

## III.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## IV. Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages.




## V. Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

    A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

          \_\_\_\_\_ Yes           _____ No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

_____

    B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

          \_\_\_\_\_ Yes       _____ No       _____ Do not know

    C.    If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

          \_\_\_\_\_ Yes       _____ No       _____ Do not know

If yes, which claim(s)?

    D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

    \_\_\_\_\_ Yes          _____ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    \_\_\_\_\_ Yes          _____ No

    E.    If you did file a grievance:

    1.    Where did you file the grievance?

_____

    2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

    3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VI. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

    \_\_\_\_\_ Yes     _____ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    \_\_\_\_\_ Yes     _____ No

    B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1. Parties to the previous lawsuit

    Plaintiff _____

    Defendant(s) _____

2. Court (*if federal court, name the district; if state court, name the state and county*)

3. Docket or case number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending?

   _____ Yes

   _____ No  (*If no, give the approximate date of disposition*):_____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   _____ Yes        _____ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit

   Plaintiff_____

   Defendant(s) _____

2. Court (*if federal court, name the district; if state court, name the state and county*)

3. Docket or case number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending?

   \_\_\_\_\_ Yes

   _____ No  (*If no, give the approximate date of disposition*):_____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 20_____.

Signature of Plaintiff     _____