# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HOFFMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV790 HEA |
| | ) | |
| ANNE PRECYTHE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of pro se plaintiff Brian Hoffmann's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will order plaintiff to file a second amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree*

*Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is currently an inmate at the Moberly Correctional Center (MCC) in Moberly, Missouri. On May 23, 2018, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming eleven separate defendants. (Docket No. 1). The complaint did not indicate the capacity in which defendants were sued.

In the original complaint, plaintiff accused defendants of deliberate indifference to his medical needs as the recipient of a kidney transplant. Specifically, he alleged that there was a delay in dealing with his elevated potassium levels, which led to an enlarged heart. He also

claimed that he was infected with Hepatitis C, likely from improper sanitation of the dialysis machine.

On November 8, 2018, the Court ordered plaintiff to file an amended complaint. (Docket No. 6). The Court noted that plaintiff's assertions regarding the condition of his kidney and heart were serious. However, the complaint plaintiff filed was deficient. In particular, the Court observed that plaintiff's allegations were broad and nonspecific as to the roles and actions of the various defendants, and that several defendants were not mentioned at all in his statement of claim. When plaintiff did name a defendant, his allegations tended to be vague and conclusory. The Court further noted that plaintiff had not indicated the capacity in which defendants were sued. As such, there was a presumption that plaintiff was suing defendants in their official capacities only. However, he had not provided any facts to support official capacity liability.

The Court directed plaintiff to file an amended complaint according to the instructions set forth in the order. Plaintiff complied by filing an amended complaint on January 28, 2019. (Docket No. 10).

**The Amended Complaint**

Plaintiff's amended complaint is handwritten on a Court-provided 42 U.S.C. § 1983 form. He names the following eleven defendants: Missouri Department of Corrections Director Anne Precythe; MCC Warden Dean Minor; Corizon Medical Service Administrator Bonnie Boley; Dr. William Winklemeyer; Nurse Jenna Williams; Farmington Correctional Center (FCC) Warden Thomas Villmer; Dr. Robert Wudell; Nurse Practitioner Dana Jost; Corizon Medical Director Lisa Spain; Corizon Medical Services; and the Missouri Department of Corrections. (Docket No. 10 at 15-17). With the exception of Corizon and the Missouri Department of Corrections, the defendants are sued in both their individual and official capacities.

3

Plaintiff claims that defendants have been deliberately indifferent to his medical needs by denying the necessary prescribed treatment for a kidney transplant recipient. (Docket No. 10 at 4). He also asserts that he has been denied services as a qualified person with a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*[1]

Plaintiff states that during the months of November and December 2015, while incarcerated at FCC, he was sent on court outcounts to Buchanan County. When he arrived back at FCC in January, he went to medical to meet with Nurse Practitioner Dana Jost. (Docket No. 10 at 5-6). Nurse Practitioner Jost advised him that his creatine levels were extremely high, meaning that his kidney was in rejection. (Docket No. 10 at 6). She advised him that this had been going on since November and December, but that she did not know where to find him since he was not at FCC.

Plaintiff alleges that Nurse Practitioner Jost "took no medical steps to correct the rejection." He further asserts that Jost works under the care of Dr. Robert Wudell, and that Lisa Spain is the FCC medical director. He also states that Warden Thomas Villmer "is responsible for each employee that works at the prison" and that his job requires him "to know what is happening at the prison."

During the months of June and July 2016, plaintiff was at MCC. (Docket No. 10 at 7). While there, he states that he twice "went on medical outcounts," but that both times the procedures were cancelled because his potassium levels were too high. Plaintiff notes that when a dialysis patient's potassium level is too high, he cannot be placed under anesthesia.

---

[1] Title II of the ADA applies to inmates in state prisons. *See Pennsylvania Dep't of Corrs. V. Yeskey*, 524 U.S. 206, 209-11 (1998). "To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff's complaint does not contain facts sustaining a prima facie claim under Title II of the ADA. However, as discussed below, he will be given the opportunity to file an amended complaint in this matter.

On July 5, 2016, plaintiff was taken to the hospital in respiratory failure from his elevated potassium level. He was placed on life support for two days. He asserts this was due to "the inactions of Nurse Williams and Doctor Winklemeyer." He further states that Nurse Williams operates under Dr. Winklemeyer's authority, and that it is Bonnie Boley's responsibility "to monitor [who] is doing what for Corizon Medical since she is the administrator."

During the month of November 2016, plaintiff was given a chest x-ray and informed that he had an enlarged heart. (Docket No. 10 at 8). He was told this occurred because not all the fluid was removed during dialysis. In November 2017, plaintiff learned that he had Hepatitis C. Plaintiff was advised by "nursing staff" that this was caused by the dialysis machines not being properly sanitized.

Plaintiff seeks $25 million in compensation and $100 million in punitive damages. (Docket No. 10 at 9). He also wants the Missouri Department of Corrections to immediately pay for a kidney transplant.

## Discussion

Plaintiff's amended complaint contains serious allegations regarding the condition of his kidney and heart that may, if properly pled, be sufficient to pass through § 1915 review. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (stating that under the Eighth Amendment, the government has an "obligation to provide medical care for those whom it is punishing by incarceration"). However, as before, the complaint filed by plaintiff is deficient.

### A. Deficiencies

As in the original complaint, plaintiff's amended complaint lays out his general allegations regarding his medical condition and the way it was treated. He claims that due to delay and inattention, his transplanted kidney went into rejection; his potassium levels rose,

5

leading to an enlarged heart; his dialysis was inadequate; and that he contracted Hepatitis C. As in the original complaint, however, plaintiff's amended complaint once again fails to connect those general allegations to the specific conduct of a named defendant. In order to state a claim under 42 U.S.C. § 1983, plaintiff must present facts that connect each defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

With regard to Nurse Practitioner Jost, for instance, plaintiff states only that she "took no medical steps to correct the rejection" of his kidney. With regard to Nurse Williams, he claims that his elevated potassium levels were due to her "inactions." These are conclusory statements that do not actually provide any information as to what Nurse Practitioner Jost and Nurse Williams did or did not do, and are therefore insufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

Several of the defendants, such as Dr. Wudell, Lisa Spain, and Bonnie Boley, appear to be sued in a supervisory capacity only. Vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). In short, plaintiff is required to do more than simply name a supervisor as a defendant to assert liability. He has to demonstrate their personal liability.

Similarly, plaintiff has sued the wardens of both MCC and FCC. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal

involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Thus, plaintiff cannot state a claim against defendants Minor and Villmer based simply on their overall responsibility as wardens.

For these reasons, the amended complaint, in its current form, is defective. Though plaintiff has presented an overall claim of deliberate indifference to his medical needs, he has failed to state claims against the eleven defendants he has named.

### B. Amendment Instructions

Because plaintiff is proceeding pro se, and has presented serious allegations to the Court, he will be allowed to amend his complaint a second time according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). **Once again, the Court instructs plaintiff to begin by writing the defendant's name. In separate, numbered paragraphs**

7

**under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.** If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. **It is not enough for plaintiff to make general allegations against all the defendants as a group.** Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will

result in the dismissal of that defendant. Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 2 August 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE