UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HOFFMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-790-HEA |
| | ) | |
| ANNE PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On August 2, 2019, the Court directed plaintiff to file a second amended complaint within thirty days. (Docket No. 11). Plaintiff has failed to respond. Therefore, for the reasons discussed below, this action will be dismissed without prejudice for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is currently an inmate at the Moberly Correctional Center (MCC) in Moberly, Missouri. On May 23, 2018, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming eleven separate defendants. (Docket No. 1). The complaint did not indicate the capacity in which defendants were sued.

In the original complaint, plaintiff accused defendants of deliberate indifference to his medical needs as the recipient of a kidney transplant. Specifically, he alleged that there was a delay in dealing with his elevated potassium levels, which led to an enlarged heart. He also claimed that he was infected with Hepatitis C, likely from improper sanitation of the dialysis machine.

On November 8, 2018, the Court ordered plaintiff to file an amended complaint. (Docket No. 6). The Court noted that plaintiff's assertions regarding the condition of his kidney and heart

were serious. However, the complaint plaintiff filed was deficient. In particular, the Court observed that plaintiff's allegations were broad and nonspecific as to the roles and actions of the various defendants, and that several defendants were not mentioned at all in his statement of claim. When plaintiff did name a defendant, his allegations tended to be vague and conclusory. The Court further noted that plaintiff had not indicated the capacity in which defendants were sued. As such, there was a presumption that plaintiff was suing defendants in their official capacities only. However, he had not provided any facts to support official capacity liability.

The Court directed plaintiff to file an amended complaint according to the instructions set forth in the order. Plaintiff complied by filing an amended complaint on January 28, 2019. (Docket No. 10).

As with the original complaint, the amended complaint named eleven defendants: Missouri Department of Corrections Director Anne Precythe; MCC Warden Dean Minor; Corizon Medical Service Administrator Bonnie Boley; Dr. William Winklemeyer; Nurse Jenna Williams; Farmington Correctional Center (FCC) Warden Thomas Villmer; Dr. Robert Wudell; Nurse Practitioner Dana Jost; Corizon Medical Director Lisa Spain; Corizon Medical Services; and the Missouri Department of Corrections. (Docket No. 10 at 15-17). With the exception of Corizon and the Missouri Department of Corrections, the defendants were sued in both their individual and official capacities.

In the amended complaint, plaintiff again claimed that defendants had been deliberately indifferent to his medical needs by denying him the necessary prescribed treatment for a kidney transplant recipient. (Docket No. 10 at 4). He also asserted that he had been denied services as a qualified person with a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

The Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. (Docket No. 11). The Court noted that the amended complaint contained serious allegations regarding the condition of his kidney and heart that might, if properly pled, be sufficient to pass through § 1915 review. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (stating that under the Eighth Amendment, the government has an "obligation to provide medical care for those whom it is punishing by incarceration"). However, as with the original complaint, the amended complaint was deficient and subject to dismissal.

As in the original complaint, plaintiff's amended complaint laid out his general allegations regarding his medical condition and the way it was treated. He claimed that due to delay and inattention, his transplanted kidney went into rejection; his potassium levels rose, leading to an enlarged heart; his dialysis was inadequate; and that he contracted Hepatitis C. As in the original complaint, however, plaintiff's amended complaint once again failed to connect those general allegations to the specific conduct of a named defendant. In order to state a claim under 42 U.S.C. § 1983, plaintiff must present facts that connect each defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). *See also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

Plaintiff also relied heavily on conclusions, without providing factual support. For example, with regard to Nurse Practitioner Jost, plaintiff stated only that she "took no medical steps to correct the rejection" of his kidney. With regard to Nurse Williams, he claimed that his elevated potassium levels were due to her "inactions." These are conclusory statements that do not actually provide any information as to what Nurse Practitioner Jost and Nurse Williams did or did not do. Therefore, these allegations were insufficient to state a claim. *See Hamilton v. Palm*, 621

F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

Several of the defendants, such as Dr. Wudell, Lisa Spain, and Bonnie Boley, appeared to be sued in a supervisory capacity only. Vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). However, in the amended complaint, plaintiff merely named various supervisors as defendants, rather than demonstrating each individual's personal liability.

Similarly, plaintiff sued the wardens of both MCC and FCC. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Thus, plaintiff cannot state a claim against defendants Minor and Villmer based simply on their overall responsibility as wardens.

Finally, plaintiff's amended complaint failed to state an official capacity claim against any of the defendants. With regard to employees of the Missouri Department of Corrections, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). With regard to employees of Corizon, or Corizon itself,

plaintiff had not presented facts showing that Corizon had "a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). The claim against the Missouri Department of Corrections also failed because it was entitled to sovereign immunity. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that the Eleventh Amendment bars suit against a state and its agencies for any kind of relief, not merely monetary damages).

Due to these deficiencies, the Court ordered plaintiff to file a second amended complaint on August 2, 2019. Plaintiff was given thirty days in which to comply. The order contained instructions for plaintiff to follow in drafting his second amended complaint. To further aid plaintiff, the Court directed the Clerk of Court to send him a copy of the Court's prisoner civil rights form. Plaintiff was advised that failure to submit a second amended complaint would result in the dismissal of his case without prejudice and without further notice.

**Discussion**

As noted above, the Court gave plaintiff thirty days in which to file a second amended complaint. The second amended complaint was due by September 1, 2019. The Court advised plaintiff that failure to comply with the Court's order would result in the dismissal of his case without prejudice and without further notice. Plaintiff's thirty-day period in which to file a second amended complaint has expired. Indeed, the Court has given plaintiff significantly more than thirty days in which to respond. However, plaintiff has not submitted a second amended complaint or filed a motion with the Court seeking an extension of time.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own

initiative). Because plaintiff has not complied with the Court's August 2, 2019 order, or filed any sort of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 2, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of February, 2020.

                HENRY EDWARD AUTREY
                UNITED STATES DISTRICT JUDGE